| | | |
|---|---|---|
| | | **EJ-130** |

**ATTORNEY OR PARTY WITHOUT ATTORNEY:** STATE BAR NO.: 197252
NAME: Jennifer C. Hayes
FIRM NAME: Finestone Hayes LLP
STREET ADDRESS: 456 Montgomery St., 20th Floor
CITY: San Francisco  STATE: CA  ZIP CODE: 94104
TELEPHONE NO.: 415-616-0466  FAX NO.: 415-398-2820
E-MAIL ADDRESS: jhayes@fhlawllp.com
ATTORNEY FOR (name): DEPCOM Power, Inc.
[X] ORIGINAL JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** N/A (FEDERAL COURT, SEE BELOW)
STREET ADDRESS: 450 Golden Gate Avenue
MAILING ADDRESS: Box 36060
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: United States District Court, N.D. Cal., San Francisco Division

Plaintiff: DEPCOM Power, Inc.
Defendant: CSUN Solar, Inc.; China Electric Equipment Group Co. Ltd.

CASE NUMBER: 18cv-00729-JST

**WRIT OF**
[X] **EXECUTION (Money Judgment)**
[ ] **POSSESSION OF**  [X] **Personal Property**
[ ] **SALE**  [ ] **Real Property**

[ ] Limited Civil Case (including Small Claims)
[X] Unlimited Civil Case (including Family and Probate)

1. **To the Sheriff or Marshal of the County of:** Sacramento
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): DEPCOM Power, Inc.
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.
4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   CSUN Solar, Inc.
   Attn: Agent for Service of Process
   2570 N. 1st Street, Suite 200
   San Jose, California 95131

   [X] Additional judgment debtors on next page

5. **Judgment entered** on (date): February 8, 2019
6. [ ] Judgment renewed on (dates):

7. **Notice of sale** under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

[SEAL]

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.

**For Items 11–17, see form MC-012 and form MC-013-INFO**
11. Total judgment (as entered or renewed)  $3,367,001.83
12. Costs after judgment (CCP 685.090)  $unknown
13. Subtotal (add 11 and 12)  $3,367,001.83
14. Credits to principal (after credit to interest)  $0
15. Principal remaining due (subtract 14 from 13)  $3,367,001.83
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees)  $63,419.40
17. Fee for issuance of writ  $unknown
18. **Total** (add 15, 16, and 17)  $3,430,421.23
19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . .  $576.54
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . . .  $0
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): 3/27/2019  Clerk, by SUSAN Y. SOONG / MARK ROMYN, Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

| Plaintiff: DEPCOM Power, Inc. | CASE NUMBER: |
| Defendant: CSUN Solar, Inc.; China Electric Equipment Group Co. Ltd. | 18cv-00729-JST |

EJ-130

21. [x] Additional judgment debtor *(name, type of legal entity if not a natural person, and last known address)*:

China Electric Equipment Group Co. Ltd.
c/o Law Offices of Art Santana
754 North Citrus Ave.
Covina, CA 91723

China Electric Equipment Group Co. Ltd.
6 Shuige Road
Jiangning, China 211153

22. [ ] Notice of sale has been requested by *(name and address)*:

23. [ ] Joint debtor was declared bound by the judgment (CCP 989–994)
   a. *on (date):*
   b. name, type of legal entity if not a natural person, and last known address of joint debtor:

   a. *on (date):*
   b. name, type of legal entity if not a natural person, and last known address of joint debtor:

   c. [ ] Additional costs against certain joint debtors are itemized: [ ] Below [ ] On Attachment 23c

24. [ ] (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. [ ] Possession of real property: The complaint was filed on *(date):*
      *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

      (1) [ ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

      (2) [ ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

      (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

      (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

         (a) The daily rental value on the date the complaint was filed was $
         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

   b. [ ] Possession of personal property.
      [ ] If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
   c. [ ] Sale of personal property.
   d. [ ] Sale of real property.
   e. The property is described: [x] Below [ ] On Attachment 24e
      All tangible personal property of CSUN Solar, Inc. and/or China Electric Equipment Group Co. Ltd., including but not limited to specialized equipment for manufacture of solar panels, modules, and related goods, and also all such solar panels, modules, and related goods located at 4741, 4801 Urbani Avenue, McClellan, CA 95652.

| Plaintiff: DEPCOM Power, Inc. | CASE NUMBER: |
| Defendant: CSUN Solar, Inc.; China Electric Equipment Group Co. Ltd. | 18cv-00729-JST |

EJ-130

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.