UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPCOM POWER, INC., <br> Petitioner, <br> v. <br> CSUN SOLAR, INC., et al., <br> Respondents. | Case No. 18-cv-00729-JST <br><br> **ORDER GRANTING TEMPORARY RESTRAINING ORDER** <br><br> Re: ECF No. 75 |

Before the Court is Petitioner DEPCOM Power, Inc.'s ex parte motion to appoint a receiver, or in the alternative, to issue a temporary restraining order ("TRO") and preliminary injunction. ECF No. 75. DEPCOM seeks this interim relief pending resolution of its motion to expand its judgment to include Sunergy California, LLC. ECF No. 79. Prior to filing its motion on April 29, 2019, DEPCOM provided notice of its ex parte motion to Sunergy. ECF No. 76. On May 1, 2019, two days after the motion was filed, Sunergy requested that the Court refrain from taking any action until Sunergy could file an opposition by May 3, 2019. ECF No. 81.

Because the Court concludes that DEPCOM is entitled to immediate interim relief, the Court will grant the TRO and set a hearing on whether to issue a preliminary injunction.

## I. BACKGROUND

This dispute arises from DEPCOM's agreements to purchase solar modules from Respondent CSUN Solar, Inc., a United States-based subsidiary of Respondent China Electric Equipment Group Co. Ltd. ("CEEG"). ECF No. 59 ¶¶ 4-9. On February 21, 2018, the Court confirmed an interim arbitration award of replevin in the American Arbitration Association case styled as *DEPCOM POWER, INC. v. CSUN Solar, Inc. and China Electric Equipment Group Co. Ltd.*, ICDR Case No. 01-18-0000-4150, ECF No. 38, authorizing DEPCOM to take possession of

21 containers of undelivered solar modules, *see* ECF No. 58-1 ¶¶ 26-31. On December 6, 2018, the arbitrator entered a final award that, among other things, held Respondents jointly and severally liable to DEPCOM for $3,3180,398.54 in damages (plus 6.25% simple interest per annum). ECF No. 58-4 at 8-9. On February 8, 2019, the Court granted DEPCOM's unopposed application to confirm the final arbitration award, ECF No. 62, and judgment was subsequently issued in that amount, ECF No. 63.

On March 27, 2019, the Clerk of Court issued to DEPCOM a writ of execution in that amount, which included "[a]ll tangible personal property of [Respondents], including but not limited to specialized equipment for manufacture of solar panels, modules, and related goods, and also *such solar panels, modules and related goods located at 4741, 4801 Urbani Avenue, McClellan, CA 95652*." ECF No. 67 at 2 (emphasis added).

On April 19, 2019, the U.S. Marshals Service levied the factory at the above address, installing Fiduciary Management Technologies, Inc. ("FMT") as keeper over the property. ECF No. 75-8 ¶ 4. Sunergy immediately contacted DEPCOM's representatives to contest whether the levy was proper, contending that while it owns and operates the factory, Sunergy itself is not owned or operated by either of the Respondents. *Id.* ¶¶ 10-11; *see also* ECF No. 69-2 at 21. Sunergy and DEPCOM continued this dispute over the next week, culminating in Sunergy filing a motion to intervene and an ex parte application to quash the writ on April 26, 2019. ECF Nos. 69, 70. DEPCOM responded with a notice of non-opposition, indicating that it would instead pursue its own ex parte relief. ECF No. 71. The Court subsequently granted Sunergy's motion for limited intervention and quashed the writ as to the property at the Urbani Avenue address. ECF No. 80.

On April 29, 2019, DEPCOM filed its motion to expand the judgment to include Sunergy, ECF No. 79, and filed the ex parte motion for interim relief currently before the Court, ECF No. 75.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

### A. Legal Standard

The Court applies a familiar four-factor test on both a motion for a temporary restraining

order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

**B.     Discussion**

The Court finds that DEPCOM has made a sufficient showing on each factor to warrant a TRO.

Beginning with likelihood of success on the merits, DEPCOM seeks to expand the judgment on alter ego or successor liability theories. ECF No. 75 at 19; ECF No. 79 at 7-8. In support of its motion, DEPCOM has produced substantial evidence of a close relationship between Sunergy and Respondents, including prior representations by CSUN that it was opening the disputed factory, ECF No. 75-1 ¶¶ 12-16, evidence that Sunergy's counsel represented Respondents during the arbitration proceedings affiliated with this case, *id.* ¶ 17, and merchandise and business cards observed during the aborted levy that were branded with respondent CSUN's name, ECF Nos. 75-2 at 2, 75-8 ¶¶ 7-8. DEPCOM further asserts that both Sunergy and Respondent CSUN are owned by China Sunergy Co. Ltd., which in turn is owned by Respondent CEEG. ECF No. 75 at 6-7. This is sufficient to, at minimum, raise serious questions as to

3

whether DEPCOM is entitled to expand the judgment under applicable law. *See In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999) (discussing requirements for doing so under California law, made applicable by Federal Rule of Civil Procedure 69(a)).

DEPCOM has also adequately demonstrated a likely threat of irreparable harm. In their dueling ex parte motions, the parties have offered sharply divergent accounts of Sunergy's relationship to the Respondents and the evenhandedness with which each side reacted to DEPCOM's attempted levy. Under DEPCOM's theory of the case, Respondent CSUN has no other assets and Respondent CEEG is in an insolvency proceeding in China. ECF No. 75 at 20. The assets at the disputed factory therefore represent DEPCOM's last best hope at collecting on its judgment. Given the evidence submitted in support of DEPCOM's theory that Sunergy is an alter ego or successor of Respondents, the Court concludes that irreparable harm, namely the dissipation of those assets, is sufficiently likely to support injunctive relief.

For similar reasons, the balance of the equities tips sharply in DEPCOM's favor. *See All. for the Wild Rockies*, 632 F.3d at 1135. In particular, the conditions of the requested TRO allow Sunergy to continue normal operations, accompanied by appropriate recordkeeping, thereby mitigating the burden of injunctive relief. ECF No. 76 at 2-3. Measuring this reduced burden against the irreparable harm identified above, the Court concludes that the equities weigh strongly in favor of injunctive relief.

Finally, to the extent that the public interest is implicated by a private commercial dispute, that factor likewise supports an injunction. *See League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) ("The public interest inquiry primarily addresses impact on non-parties rather than parties." (citation omitted)). Neither DEPCOM nor Sunergy (in its prior ex parte application) have identified specific public interests affected by this dispute. Nonetheless, the public has a general interest "in preventing ongoing fraudulent behavior and dissipation of fraudulently-obtained funds." *Torres v. Zamanizadeh*, No. 3:17-CV-1270-AC, 2018 WL 738957, at *5 (D. Or. Feb. 6, 2018); *see also ST Ventures, LLC v. KBA Assets & Acquisitions LLC*, No. 1:12-CV-01058 LJO, 2012 WL 3647656, at *3 (E.D. Cal. Aug. 23, 2012) ("[A]lthough the dispute in this case relates to a purely private

4

transaction, the public interest is promoted, at least in a general way, when alleged fraud or conversion is thwarted.").

Accordingly, the Court GRANTS the motion for a temporary restraining order.[1] The Court hereby ORDERS:

That Respondents and Sunenergy California, and their officers, directors, members, partners, owners, managers, employees, agents, representatives and all other persons or entities acting by or on their behalf (collectively, the "Enjoined Parties") are hereby enjoined and restrained from removing, concealing, transferring, damaging, or otherwise disposing of any property or assets (including all proceeds therefrom) associated with or located at or within a one-kilometer radius of the real property commonly known as 4741, 4801 Urbani Avenue, McClellan, CA 95652 (the "Factory"), without further order of the Court; provided, however, that, Sunergy California:

(1) may continue operations and production at the Factory in the ordinary course of business;

(2) may continue to take and fulfill purchase orders in the ordinary course of business, including purchase orders for the sale of solar modules, provided that:

(a) sales and shipments of inventory, including shipments of solar modules, are paid for in full (in good funds) prior to shipment; and

(b) sales and shipments of inventory, including shipments of solar modules, are only to third parties unaffiliated with the Enjoined Parties or any of their affiliates, subsidiaries, parents, or holding companies; and

(c) Sunergy California retains sufficient documentation (*e.g.*, purchase orders, invoices, and receipts) to establish that such sales are market-rate sales to third parties unaffiliated with the Enjoined Parties;

(3) may continue to pay operating expenses of the Factory, including but not limited to,

---

[1] Having reviewed DEPCOM's submissions, the Court concludes that this order is sufficient to protect DEPCOM's interests until Sunenergy can be heard. The Court therefore declines to appoint a receiver on an ex parte basis.

5

payroll, utilities, rent, insurance, raw materials, taxes, and the like; provided, however,

    (a) Sunergy California shall keep receipts and payment ledgers accurately reflecting all paid operating expenses; and

    (b) within fifteen days of the last day of each month, file with the Court (i) a profit and loss statement (or a similar cash flow statement and accounting) setting forth the funds received by or on behalf of Sunergy California for the prior month, and the expenses incurred or paid by Sunergy California for that month, and (ii) an inventory listing all property and inventory at the Factory.

B.    Notwithstanding anything to the contrary herein, Sunergy California shall not make any payments to members, affiliates, or insiders of the Enjoined Parties during the duration of this injunction, including but not limited to payment of distributions, payment of dividends, repayment of loans, or investment(s). All revenue and income not otherwise spent on allowed operating expenses as provided for herein shall be maintained in a federally-insured bank account, with monthly statements to be provided upon the Court's request.

C.    For the avoidance of doubt, the Enjoined Parties shall not destroy, conceal, transfer or fail to preserve any books, records, statements, contracts or other documents relating to the Factory during the duration of this order.

This Temporary Restraining Order shall take effect immediately and shall remain in effect until May 15, 2019 or further order of this Court.

## ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER

Respondents and Sunergy, and each of them, is hereby ORDERED TO SHOW CAUSE on May 13, 2019, at 2:00 p.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Jon S. Tigar, located at 450 Golden Gate Avenue, San Francisco, California, why they, and each of them, and their officers, agents, servants, employees, and attorneys, and any other person or entity subject to their control or acting directly or indirectly in concert or participation with Respondents and Sunergy, should not be enjoined from taking any action prohibited by the Temporary Restraining Order, pending final disposition of DEPCOM's motion to expand the

1 judgment. The opposition to the motion for preliminary injunction is due May 7, 2019, at noon.

2 The opposition should also address DEPCOM's motion to appoint a receiver. DEPCOM's

3 optional reply is due May 9, 2019, at noon.

4 Rule 65(c) of the Federal Rules of Civil Procedure provides that a district court may grant a preliminary injunction or TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The district court retains discretion "as to the amount of security required, *if any.*" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). DEPCOM proposes a bond of not more than $25,000. ECF No. 75 at 21 n.6. Under the conditions of the TRO and the circumstances described above, the Court finds that amount adequate to secure Sunergy against any costs or damages incurred as a result of the TRO. The Court therefore GRANTS DEPCOM's request to set the bond in the amount of $25,000.

**IT IS SO ORDERED.**

Dated: May 1, 2019



JON S. TIGAR
United States District Judge
United States District Court
Northern District of California